IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GORDON L. HALL | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-330 |
| | § | |
| WARDEN, FCI BEAUMONT LOW | § | |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Gordon L. Hall, a federal prisoner currently confined at FCI Beaumont Low, proceeding *pro se*, filed what appeared to be a *Bivens*-type action[1] against the Defendant, an unidentified Warden at FCI Beaumont Low.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Background

This complaint was filed on September 1, 2023, entitled "Unopposed Verified Motion for An Order to Show Cause and Injunctive Relief" (doc. #1). As the requested relief was less than the clear, the undersigned ordered Plaintiff to replead his cause of action, asking him to answer the following questions:

1. What type of relief are you seeking in this case? You appear to allege that you requested the Warden release your property, but it is unclear if you mean you are requesting that he release your physical possessions or that he release you from imprisonment. Please clarify.

2. Was it your intent to contest your conviction and/or sentence in a writ of habeas corpus or are you seeking monetary damages against individuals for an alleged constitutional violation? Please clarify.

---

[1] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Order to Replead (doc. #2).

Plaintiff filed an Amended Motion for Order to Show Cause, Motion for Injunctive Relief on October 3, 2023 (doc. #4).  In this petition, Petitioner states:

> Dear Honorable Chancellor, I Gordon L. Hall, Petitioner an artificial person in the above captioned case hereby file this "Amended Unopposed Verified Motion for an Order to Show Cause and Injunctive Relief ("A.U.V. for an O.T.S.C. and I.R.") to clarify the nature of the suit and the relief demanded.  I appreciate the Court's concern regarding the clarity of the initial filing and wish to provide additional information to address this matter.  1.) This motion is not a habeas petition, it is instead, a remedy sought for enforcement of the private administrative procedure ("P.A.P") and a violation of Petitioner's rights under the United States Constitution, Amendment V which the Warden, Respondent has tacitly acquiesced.
>
> Purpose of this motion is to seek redress for the failure of the Warden, Respondent to release the private property of the Gordon L. Hall, Petitioner an artificial person which is under the ownership of Petitioner, but in possession of the Warden, Respondent.  It is imperitive [sic] to emphasize that the suit does not pertain to the confinement or release of Gordon L. Hall, Petitioner an artificial person, but concerns the release of the private property (the physical body) associated with Gordon L. Hall, Petitioner.
>
> Relief Demanded: The relief demanded in this suit is a release of the physical body upon failure by the Warden, Respondent to show cause why he should be permitted to violate the law to the detriment of Gordon L. Hall, Petitioner an artificial person's rights and the P.A.P. between the parties.  This A.U.V. for an O.T.S.C. and I.R. solely focuses on the release of the private property (Petitioner's physical body) aspect of this matter).

Amended Complaint (doc. #3).

Plaintiff's complaint is nonsensical, fanciful and delusional.  Plaintiff claims to be an artificial person which is under the "ownership" of Petitioner, but the possession of the Warden.  Plaintiff affirmatively states he is not seeking habeas relief, but than proceeds to ask for the release of the "private property" (the physical body) associated with Petitioner.  This court cannot discern the relief Plaintiff is requesting.

<u>Analysis</u>

A review of the petition reveals that it is incomprehensible.  A district court may dismiss a complaint under screening if it concludes that the action is frivolous or malicious.  28 U.S.C. § 1915A.  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 1934 (5th Cir. 1997). A claim may be deemed to lack an arguable basis in fact only if it is based upon factual allegations that are clearly fanciful or delusional in nature. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

This claim is without an arguable basis in fact or law. The present *pro se* litigant does not present a logical set of facts which would enable the court to determine the factual or legal basis for any cause of action. Instead, his complaint recites fantastic charges which are incomprehensible. Although these matters are real to him, the allegations are so fanciful that a reasonable person would find them irrational and completely lacking any factual basis. Dismissal, therefore, is clearly warranted under these circumstances.

## Recommendation

The present *pro se* complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## Objections

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 24th day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE